UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEWINGTON LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-0864-G |
| ROBERT A. FORRESTER, ) | |
| ) | **ECF** |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Robert A. Forrester ("Forrester" or "the defendant"), to dismiss the claims of the plaintiff, Newington Limited ("Newington" or "the plaintiff"), under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion is denied.

### I. BACKGROUND

Joseph Kristul ("Kristul") is the chief executive officer of Telava Networks, Inc. ("Telava"). Defendant's Brief in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") at 2. In 2007, Kristul began seeking investors willing to purchase restricted shares in Telava.

Plaintiff's Original Complaint ("Complaint") ¶ 7.  Newington learned of this opportunity and appointed an agent to aid in negotiating the purchase of these shares.  *Id.* ¶ 7.  Specifically, Newington was interested in investing $1,000,000.  Negotiations continued between Newington and Telava, and by October 2007, Kristul requested that Newington put down a $1,000,000 "good-faith" deposit on the restricted shares.  *Id.* ¶ 8.  Newington agreed, and on October 18, 2007, it placed the money in a trust account.  *Id.* ¶¶ 9-10.

This trust account was controlled by Forrester, an attorney who had provided legal services for Televa for nearly ten years.  Motion to Dismiss at 2.  Newington contends that it had its agent send explicit written instructions to Forrester to hold the money until Newington and Telava finalized a deal.  Complaint ¶¶ 9-10.  In fact, Newington asserts that he only transferred the money to Forrester based on their express understanding that the deposit would be maintained until such time.  Nevertheless, after Forrester received the funds, he transferred $200,000 of Newintgon's money to an unknown third party.  *Id*. ¶ 11.

Later, negotiations between Newington and Telava broke down.  *Id.* ¶ 12.  When Newington requested that Forrester return the funds, Forrester was only able to return the remaining $800,000.  *Id.*  Newington sent Forrester written demands for the $200,000 balance on three separate occasions.  *Id*. ¶ 13.  After the third demand, Forrester responded and informed Newington that he had transferred the $200,000

to a third party creditor of Kristul. *Id.* ¶ 14. Newington now seeks to recover the $200,000 from Forrester under various theories of liability, including conversion, unjust enrichment, breach of fiduciary duties, breach of trust, and money had and received. *See generally* Complaint.

II. ANALYSIS

Forrester now moves to dismiss Newington's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Forrester makes five separate arguments in support of this motion. First, he contends that all of Newington's tort claims fail because Newington is limited to a breach of contract claim. Motion to Dismiss at 3. Second, he argues that Newington's unjust enrichment claim fails because it is not a cause of action recognized by Texas law. *Id.* at 7. Third, he argues there is no fiduciary relationship between himself and Newington. *Id.* at 8. Next, he maintains that the breach of trust claim fails as a matter of law. *Id.* at 11. Finally, he argues the money had and received claim fails because Forrester never benefitted from the $200,00. *Id.* at 14.

The court will address each of these arguments in turn.

A. 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v.*

*Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)), *cert. denied*, __ U.S. __, 128 S.Ct. 1230, 170 L.Ed.2d 63 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

## B. Newington's Ability to Sue in Tort

Forrester's first argument is that the law bars Newington from suing Forrester for anything other than breach of contract. This argument stems from the fact that the parties had an "understanding and/or agreement" that Forrester would maintain the $1,000,000 in trust until Newington and Telava finalized the transaction. Original Complaint ¶¶ 9-10. Forrester contends that, under Texas law, the existence of this agreement means that Newington can only sue for breach of that agreement.

Motion to Dismiss at 3. As a result, Forrester argues, Newington's claims for conversion, breach of fiduciary duty, breach of trust, and money had and received fail as a matter of law. *Id*.

Forrester's support for this argument comes from *Southwestern Bell Telephone Company v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991). In *DeLanney*, the Court reasoned that, when determining whether a plaintiff may recover on a tort theory, it is "instructive to examine the nature of the plaintiff's loss." *Id.* at 494. If the plaintiff's only loss is the subject matter of the contract, "the plaintiff's action is ordinarily on the contract." *Id*.[*] Forrester urges that the only claimed loss, the missing $200,000, is the subject matter of the agreement between himself and Newington. Thus, he argues, Newington's claim should sound in contract, not in tort.

First, Forrester's argument relies entirely on the fact that the "understanding and/or agreement" between Forrester and Newington was a contract. Newington does not contend that this agreement was a contract. In fact, the complaint never refers to the existence of a contract. More importantly, *DeLanney* holds that there are cases

---

[*] Forrester misinterprets this language to mean that "[t]ort claims and tort damages are not available when a contract exists between the parties." Motion to Dismiss at 3. Such an interpretation is erroneous. *DeLanney* does not say or even imply that the existence of a contract between two parties requires those parties to sue one another only for breach of contract. It states only that, in the *ordinary* case, when the only loss claimed is the subject matter of a contract, the plaintiff's action should be on the contract.

- 5 -

where the existence of a contract between two parties does not restrict the plaintiff's remedy to contract damages. *Id*. Some contracts, the court notes, "involve special relationships that may give rise to duties enforceable as torts, such as professional malpractice." *Id.* at 494 n.1. To identify those cases where the plaintiff can sue in tort despite the existence of the contract, the court referred to two key factors: (1) the source of the defendant's duty to act, and (2) the nature of the remedy or damages sought by the plaintiff. *Id.* at 494-95. These two factors boil down to one central idea: if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort." *Id.* at 494. The case at hand fits squarely within this exception; even if there were a contract, Forrester's conduct would give rise to liability independent of that contract.

Under Texas law, Forrester owed to Newington the duties of an escrow agent. See *City of Fort Worth v. Pippen*, 439 S.W.2d 660, 664-65 (Tex. 1969); *Home Loan Corporation v. Texas American Title Company*, 191 S.W.3d 728, 731 (Tex. App.--Houston [14th Dist.] 2006, pet. denied). The Supreme Court has imposed the duties of an escrow agent onto the holder of funds when the situation closely parallels an escrow arrangement. *Pippen*, 439 S.W.2d at 662. In *Pippen*, the city of Fort Worth began acquiring land for streets and an airport. *Id.* As part of this plan, the city placed funds in the hands of a title company, and instructed the company to close its

transactions with the sellers. *Id.* at 664-65. The title company spent the majority of the money closing the transactions, per the city's instructions, but it spent the remainder of the money in a way the city had not authorized. *Id.* at 662. Though, as here, there was no formal escrow agreement between the city and the title company, the court imposed on the title company the duties of an escrow agent. *Id.* at 665. The court reasoned that the city had sent its funds to the title company for a specific purpose and that using them for any other purpose entitled the city to sue. *Id.* The court stated that, even where no formal escrow agreement exists, the title company owed the party remitting those funds "the duty of loyalty, the duty to make full disclosure, and the duty to exercise a high degree of care to conserve the money and pay it only to those persons who are entitled to receive it." *Id*.

The only difference between *Pippen*'s facts, and the facts at issue here, is that Forrester is an attorney rather than a title company. This difference does not require a different ruling. Like the title company in *Pippen*, Forrester received money accompanied by specific instructions on how to apply it. Complaint ¶ 10. Forrester did not follow those instructions. *Id.* ¶ 11. Texas courts have held that this type of arrangement requires the fund-holder to act as an escrow agent and to comply with the duties inherent in that role. *Pippen*, 439 S.W.2d at 665. In short, Forrester owed Newington a duty independent of any contract that may or may have not existed between them. See *id.* Thus, Forrester's conduct would give rise to liability for

breach of that duty even in the absence of a contract. *DeLanney*'s rule may apply in an ordinary contract case, but it does not apply here. *DeLanney*, 809 S.W.2d at 494. The court rejects Forrester's argument that Newington must sue only in contract.

### C.  Unjust Enrichment

Forrester's next argument is that unjust enrichment is not a cause of action recognized by Texas law. Motion to Dismiss at 7. This argument is incorrect. Forrester's support for this contention comes from a handful of cases holding that unjust enrichment "is not a distinct independent cause of action but simply a theory of recovery." *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.--Corpus Christi 2002, pet. denied); *Celanese Corporation v. Coastal Water Authority*, 475 F. Supp. 2d 623, 639 (S.D. Tex. 2007) (holding that "[r]estitution and unjust enrichment are remedies, not causes of action"); *Baisden v. I'm Ready Productions, Inc.*, 2008 WL 2118170 at *10 (S.D. Tex. May 16, 2008) (slip copy) ("Unjust enrichment is not a cause of action recognized by Texas law."). It is true that there are Texas cases drawing a distinction between unjust enrichment as a "theory of recovery" and a "cause of action." Some Texas courts, however, have ignored any such distinction and held that unjust enrichment *is* a cause of action. *Fortune Production Company v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) (discussing a cause of action for unjust enrichment); *HECI Exploration Company v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (recognizing that a two-year statute of limitations governs "unjust enrichment"

claims); *Pepi Corporation v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.--Houston [1st Dist.] 2007, pet. denied). ("Unjust enrichment is an independent cause of action.").

Despite the lack of unanimity among Texas courts, one thing remains clear: even in the cases that Forrester cites, the courts have still allowed plaintiffs to recover based on the *theory* of unjust enrichment so long as a "person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Baisden*, 2008 WL at *10. In other words, Texas courts may waffle about whether unjust enrichment is a theory of recovery or an independent cause of action, but either way, they have provided the plaintiff with relief when the defendant has been unjustly enriched. *Id.* ("The theory of unjust enrichment may apply when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."). This court must make an "*Erie* guess" about how the Texas Supreme Court would rule under the circumstances presented here. *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 78-80 (1938). Given that the Supreme Court has stated that unjust enrichment is a cause of action, and that Texas courts seem willing to award recovery based on unjust enrichment, even if it is nothing more than a theory, the court concludes that Newington's claim for unjust enrichment should proceed. Forrester's motion to dismiss the unjust enrichment claims pursuant to Rule 12(b)(6) is denied.

D.  Fiduciary Relationship

Forrester next contends that Newington's claim for breach of fiduciary duties should be dismissed because Forrester did not owe Newington any fiduciary duties. The court has already concluded that Forrester was acting as an escrow agent. Under Texas law, an "escrow agent owes fiduciary duties to both parties in a transaction including the duty of loyalty, the duty to make full disclosure, and the duty to exercise a high degree of care to conserve the money placed in escrow and pay it only to those persons entitled to receive it." *Prospect High Income Fund v. Grant Thornton, LLP*, 203 S.W.3d 602, 617 (Tex. App.--Dallas 2006, pet. granted); *Holder-McDonald v. Chicago Title Insurance Company*, 188 S.W.3d 244, 248 (Tex. App.--Dallas 2006, pet. denied). Forrester's motion to dismiss the claims for breach of fiduciary duties is therefore denied.

E.  Breach of Trust

Forrester's next argument is that the breach of trust claim fails as a matter of law. Texas courts have held that a "claim for breach of trust is akin to a claim for breach of fiduciary duty." *Bigbee v. Castleberry*, 2008 WL 152382 at *2 n. 1 (Tex. App.--Corpus Christi 2008, no pet.) (citing *Burrow v. Arce*, 997 S.W.2d 229, 240 (Tex. 1999)). The elements of such a claim are (1) a fiduciary relationship between the plaintiff and defendant, (2) breach of the fiduciary duty owed to the plaintiff, and (3) the breach results in injury to the plaintiff or benefit to the defendant. *Id.*

Forrester maintains that Newington cannot make out such a claim because Forrester did not owe Newington any fiduciary duties. Motion to Dismiss at 11-12. The court has already rejected this argument.

Next, Forrester argues that Texas law is unclear on whether breach of trust is a cause of action. Forrester has only one case to support this argument: *Finish Line Partnership v. Kasmir & Krage, L.L.P.*, 2000 WL 1702608 at *6 (Tex. App.--Dallas 2000, no pet.). In *Finish Line*, the court stated briefly, in *dicta*, that a breach of trust claim is questionable when based primarily on a violation of the Texas Disciplinary Rules of Professional Conduct. *Id.* Many other Texas cases, however, recognize breach of trust as a cause of action. *See, e.g.*, *Bigbee*, 2008 WL 152382 at *2; *Alpert v. Riley*, 2008 WL 4670169 at *13 (Tex. App.--Houston [1st Dist.] 2008, no pet.) (evaluating a claim for breach of trust on its merits); see generally *Wright v. Greenberg*, 2 S.W.3d 666 (Tex. App.--Houston [14th Dist.] 1999, pet. denied) (deciding a motion for summary judgment involving a breach of trust claim without ever mentioning that breach of trust might not be a cause of action). This court will follow these cases instead of relying on the *dicta* in *Finish Line*.

Forrester makes one last argument in support of dismissing the breach of trust claim. He insists it is backwards to argue that Forrester owed his client's adversary a fiduciary duty. Motion to Dismiss at 13. He states, "Telava and Newington were adverse parties. How could Forrester, as counsel for Telava, possibly owe a fiduciary

duty . . . to the party adverse to his client?" *Id.* This argument fails to recognize the new role Forrester took on when he agreed to safeguard Newington's money. Forrester's fiduciary duties to Newington do not stem from his role as Telava's counsel, but from his role as an escrow agent, which he took on when he accepted the money from Newington with instructions to use it in a specific way. Forrester's motion to dismiss Newington's breach of trust claim is denied.

F. Money Had and Received

Forrester's final argument is that the money had and received claim fails as a matter of law. To prove a claim for money had and received, a plaintiff must show that a defendant holds money which, in equity and good conscience, belongs to the plaintiff. *Edwards v. Mid-Continent Office Distributors, L.P.*, 252 S.W.3d 833, 837 (Tex. App.--Dallas 2008, pet. denied). Forrester contends that because he does not possess the $200,000, but instead gave it to a third party, he does not "hold" the money and Newington cannot make out a claim for money had and received. Motion to Dismiss at 15. The Texas Supreme Court has already rejected this exact argument. In *Pickett v. Republic National Bank of Dallas*, it held that where a bank transferred money to an estate by accident, the estate was liable under a money had and received claim despite the fact that the estate no longer held the money. *Pickett*, 619 S.W.2d 399, 399 (Tex. 1981). The fact that Forrester no longer possesses the

money is irrelevant. See *id.* The court will not dismiss Newington's money had and received claim on the grounds that Forrester gave the money away.

### III.  CONCLUSION

For the reasons stated above, Forrester's motion to dismiss Newington's claims pursuant to Rule 12(b)(6) is **DENIED**.

**SO ORDERED**.

November 13, 2008.

*C. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**