UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEWINGTON LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0864-G |
| ROBERT A. FORRESTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the third-party defendant, The Falkenberg Group, S.A. ("Falkenberg"), to dismiss the claims asserted against it by the third-party plaintiff, Robert A. Forrester ("Forrester"), and the plaintiff, Newington Limited ("Newington"). *See generally* Omnibus Motion to Dismiss (i) Plaintiff's First Amended Original Complaint and (ii) Third-Party Plaintiff's First Amended Third-Party Complaint as Against Third-Party Defendant The Falkenberg Group, S.A. ("Motion") (docket entry 103). For the reasons set forth below, Falkenberg's motion to dismiss for failure to state a claim is granted in part and denied in part, and its motion to dismiss for lack of personal jurisdiction is denied.

## I. BACKGROUND

In 2007, Newington began negotiating with Joseph Kristul ("Kristul"), a director of Televa Networks, Inc. ("Televa"), to purchase restricted shares of Televa stock. Robert A. Forrester's First Amended Third-Party Complaint ("Third-Party Complaint") ¶¶ 9, 11, 14-15 (docket entry 89). On October 12 of that year, Falkenberg's Veronika Kuznecova sent Forrester, Televa's attorney, a letter requesting that he wire $660,000 to the "Falkenberg Group Account" and "release stock certificate[s]" made to Alex Rotzang and another individual. *Id.* ¶ 20; Plaintiff's Appendix to Response to Defendant Falkenberg Group, S.A.'s Motion to Dismiss Plaintiff's First Amended Complaint, Brief in Support, Motion for Leave to File Amended Complaint and Request for Additional Time to Conduct Jurisdictional Discovery ("Newington Appendix") at 4 (docket entry 107). The letter instructed that Kristul would provide "additional direction to transfer the funds," and it was signed Andris Samsusevs. Third-Party Complaint ¶ 20; Newington Appendix at 4.

On October 18, at Kristul's behest, Newington sent Forrester a $1,000,000 "good-faith" deposit, which Forrester held in a trust account. First Amended Original Complaint ("Complaint") ¶ 15 (docket entry 41); Third-Party Complaint ¶ 15. On that same day, Kristul sent an email to Forrester, directing him to transfer $200,000 to Falkenberg from the trust account. Third-Party Complaint ¶¶ 16, 19. Forrester alleges that several hours after he completed the wire transfer, Alex Rotzang contacted

him -- on behalf of Newington -- with instructions to hold the wire transfer. *Id.* ¶ 18. After Newington's negotiations with Televa broke down, Newington demanded that Forrester requite the $1,000,000 good-faith deposit. *Id.* Having previously transferred $200,000 to Falkenberg, Forrester only returned the $800,000 that remained in the trust account. *Id.*

Newington sued Forrester for the $200,000 difference. *See generally* Complaint. Forrester impleaded Falkenberg, asserting causes of action for common-law and statutory fraud, fraud by nondisclosure, conspiracy to commit fraud, and money had and received. *See generally* Third-Party Complaint. Newington cross-claimed against Falkenberg for money had and received to recover the $200,000. Complaint ¶¶ 39-42. Falkenberg now moves to dismiss Newington's and Forrester's respective claims for failure to state a claim upon which relief may be granted and for lack of personal jurisdiction. *See generally* Motion.

## II. ANALYSIS

### A. Sufficiency of the Pleadings

#### 1. *FED. R. CIV. P. 12(b)(6)*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Falkenberg moves to dismiss Newington and Forrester's respective claims for money had and received. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches*

*Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009). The court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an

entitlement of relief." *Id.* The plausibility principle does not convert Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 1949. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]" -- 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See *id.* at 1950, 1952.

To prove a claim for money had and received, a plaintiff must show that the defendant holds money that in equity and good conscience belongs to the plaintiff. *Edwards v. Mid-Continent Office Distributors, L.P.*, 252 S.W.3d 833, 837 (Tex. App.--Dallas 2008, pet. denied). Forrester alleges that he transferred $200,000 to Falkenberg from the trust account containing Newington's $1,000,000 good-faith deposit, and Falkenberg admits receiving that sum. Third-Party Complaint ¶¶ 16, 21. But Forrester does not allege that the money belonged to him; rather, he alleges that he was simply the "holder" of the funds. Third-Party Complaint ¶ 36. Indeed,

Forrester disclaims any escrow or trust relationship with Newington, and he admits that he was in fact acting on behalf of Kristul, not Newington. *Id.* ¶ 16. Newington, for its part, does allege that it is the rightful owner of the disputed funds. Complaint ¶¶ 17, 18. Newington has stated a plausible claim for money had and received; Forrester has not. Accordingly, Falkenberg's motion to dismiss Forrester's money-had-and-received claim is granted, but its motion to dismiss Newington's identical claim is denied.

2. *FED. R. CIV. P. 9(b)*

Forrester also asserts three fraud-based claims against Falkenberg: common-law fraud, statutory fraud, and fraud by nondisclosure. Fraud-based claims are subject to the heightened-pleading standard of Rule 9(b), which requires a party to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 256 (5th Cir. 2005) (quoting *Southland Securities Corporation v. INSpire Insurance Solutions Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

Under Texas law, the elements of common-law fraud are: (1) material misrepresentation; (2) falsity; (3) knowledge; (4) intention to induce reliance; (5) reliance; and (6) injury. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corporation*, 565 F.3d 200, 212 (5th Cir.), *cert. denied*, __ U.S. __, 130 S. Ct. 199 (2009). Instead of requiring an affirmative misrepresentation like common-law fraud,

fraud by nondisclosure requires that a defendant "concealed or failed to disclose a material fact," despite a duty of disclosure. See *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008); see also *Trustees of the Northwest Laundry and Dry Cleaners Health & Welfare Trust Fund v. Burzynski*, 27 F.3d 153, 157 (5th Cir. 1994), *cert. denied*, 513 U.S. 1155 (1995).

In the case *sub judice*, Forrester has alleged common-law fraud and fraud by nondisclosure with the requisite particularity. Forrester alleges that Falkenberg's authorized agents, Veronika Kuznecova and Andris Samusevs, knowingly sent him a letter, on October 12, 2007, in furtherance of the alleged fraud. Third-Party Complaint ¶ 20; Robert A. Forrester's Response to The Falkenberg Group, S.A.'s Omnibus Motion to Dismiss ("Forrester Response") at 4. He claims that Falkenberg intended to induce his reliance by misrepresenting the legitimacy of the request for the funds and Falkenberg's ownership of Televa stocks, and by representing that Kristul would provide further instructions. Third-Party Complaint ¶ 24. Finally, Forrester avows that Falkenberg's misrepresentations actually induced him to transfer $200,000 from the trust account to the Falkenberg Group Account. See *id.* These allegations specify the who, what, when, how, why, and where of the alleged common-law fraud. *Flaherty & Crumrine*, 565 F.3d at 207. And because Forrester also alleges that Falkenberg failed to disclose that it did not have authority to order the transfer and failed to correct his misimpression of that fact, Third-Party

Complaint ¶ 31, Forrester has also stated a plausible claim for fraud by nondisclosure. *Burzynski*, 27 F.3d at 157. As a consequence, Falkenberg's motion to dismiss Forrester's claims of common-law fraud and fraud by nondisclosure is denied.

Forrester's statutory-fraud claim, however, cannot survive the present motion to dismiss. Third-Party Complaint ¶¶ 27-29. In addition to the elements of common-law fraud, statutory fraud requires the fraud to involve a stock transaction and induce the plaintiff to enter into a contract. TEX. BUS. & COM. CODE ANN. § 27.01(a)(1) (Vernon 2009). Forrester does not allege that Falkenberg induced him to enter into a contract. He does allege that Falkenberg made false representations to induce Newington to enter into a contract for the purchase of Televa stock, Third-Party Complaint ¶ 28, but there is no dispute that the negotiations between Newington and Televa broke down before a contract was executed. *See* Complaint ¶ 19. Because Forrester fails to allege the existence of a contract to which he was a party, Falkenberg's motion to dismiss his statutory-fraud claim is granted.

Forrester's final claim against Newington is for conspiracy to commit fraud. Third-Party Complaint ¶ 34. Under Texas law, civil conspiracy requires: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 635 (5th Cir. 2002) (quoting *Massey v. Armco Steel Company*, 652 S.W.2d 932, 934 (Tex.

1983)). To allege conspiracy to commit fraud, a plaintiff must plead conspiracy with sufficient particularity. *Petri v. Kestrel Oil & Gas Properties, L.P.*, Nos. H-09-3994, H-10-CV-122, H-10-CV-497, 2011 WL 2181316, at *3 (S.D. Tex. June 3, 2011) (citing *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)), but see *Tigue Investment Company, Limited v. Chase Bank of Texas, N.A.*, No. 3:03-CV-2490-N, 2004 WL 3170789, at *2 (N.D. Tex. Nov. 15, 2004) (Godbey, J.) (applying Rule 9(b) only to "the circumstances constituting fraud").

Here, Forrester alleges that Kristul and Falkenberg conspired to obtain money from the trust account in which he held Newington's good-faith deposit. Third-Party Complaint ¶¶ 19, 24. He further alleges that Kristul is a director of Televa and Falkenberg owns shares of Televa stock and is one of Kristul's creditors, *id.* ¶¶ 11, 19, -- demonstrating a relationship between the alleged co-conspirators. Forrester also avers that on October 18, 2007, six days after he received the Falkenberg letter, Kristul sent him an email directing a transfer of $200,000 from the trust fund to the Falkenberg Group Account. Third-Party Complaint ¶¶ 16, 19. Finally, Forrester claims that the email that he received from Kristul falsely represented that Kristul had authority to direct the transfer of money from the trust account to Falkenberg. *Id.* ¶ 24. Forrester's claim for conspiracy to commit fraud satisfies the heightened-pleading standard of Rule 9(b). *Flaherty & Crumrine*, 565 F.3d at 207. Falkenberg's motion to dismiss this claim is denied.

B. Personal Jurisdiction: Rule 12(b)(2)

Falkenberg also moves to dismiss for lack of personal jurisdiction. When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999). In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Allred v. Moore & Peterson*, 117 F.3d 278, 281(5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985). The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*,

531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal due process inquiry. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n.1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.* (Vernon 1997) (Texas long-arm statute).

To satisfy due process: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

To establish minimum contacts with the forum, a nonresident defendant must do some act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In determining whether the exercise of jurisdiction is appropriate, the

Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992). "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'" *Id*. at 475 (citations omitted). A plaintiff must establish a substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n.18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

When the underlying cause of action is based on an intentional tort, a single act by the defendant can be sufficient to establish personal jurisdiction if that act gives rise to the claim being asserted. *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001). Personal jurisdiction can only be predicated on fraud, however, if the allegations of fraud meet the heightened-pleading standard of Rule 9(b). *Breckenridge*

*Enterprises, Inc. v. Avio Alternatives, LLC*, No. 3:08-CV-1782-M, 2009 WL 1469808, at *7 (N.D. Tex. May 27, 2009) (Lynn, J.). As previously discussed, Forrester's allegations of fraud are pleaded with particularity, see *supra*, and the letter that he received from Falkenberg forms the basis of his claims against Falkenberg. Additionally, Forrester alleges that Falkenberg's authorized agents subsequently tried to further defraud him by sending him emails "asking for more money to pay off an alleged debt from a previous stock transaction." Third-Party Complaint ¶ 21. Forrester's allegations are sufficient to established Falkenberg's minimum contacts with the forum state.

Because Falkenberg has purposefully availed itself of this forum by transmitting a letter into the forum, in furtherance of the alleged fraud at the heart of the causes of action asserted against it, the court must consider whether the exercise of personal jurisdiction over Falkenberg comports with fair play and substantial justice. The factors relevant to this inquiry include: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the interstate judicial system's interest in efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Asahi Metal Industry Company, Limited v. Superior Court of California*, 480 U.S. 102, 113 (1987).

Falkenberg does not contend that the exercise of jurisdiction by this court raises concerns about fair play and substantial justice. Forrester is a Texas resident who has practiced law in the state for over 30 years, Third-Party Complaint ¶ 9, and Texas has a substantial interest in resolving disputes involving its citizens and business organizations and allegations of fraud committed in the state. See *M3GIRL Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 3699983, at * 8 (N.D. Tex. Sept. 13, 2010) (Fish, J.) ("Certainly, Texas has an interest in protecting its citizens and corporations and providing a forum for its residents to adjudicate claims."). With this in mind, the court finds that Forrester's allegations of fraud are sufficient to confer personal jurisdiction over Falkenberg and that the exercise of such jurisdiction comports with fair play and substantial justice.

## III. CONCLUSION

For the reasons stated above, Falkenberg's motion to dismiss for lack of personal jurisdiction is **DENIED**, and its motion to dismiss for failure to state a claim is **GRANTED** in part. Forrester's claim for money had and received is **DISMISSED** for failure to state a claim on which relief may be granted.

**SO ORDERED**.

August 12, 2011.

**A. JOE FISH**
**Senior United States District Judge**