UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEWINGTON LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0864-G |
| ROBERT A. FORRESTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is a motion to dismiss for lack of personal jurisdiction (docket entry 123).  For the reasons set forth below, the motion is granted.

I.  BACKGROUND

This case involves the misappropriation of funds from an attorney's trust account.  Third Amended Original Complaint ("Complaint") ¶ 1 (docket entry 118). In 2007, the plaintiff, Newington Limited ("Newington"), began negotiations with Joseph Kristul ("Kristul"), a director of Televa Networks, Inc. ("Televa"), to purchase shares of Televa stock.  August 16, 2011 Memorandum Opinion and Order ("August 16, 2011 Order") at 2 (docket entry 114).  On October 18, 2007, at Kristul's request, Newington sent Robert A. Forrester ("Forrester"), Televa's attorney, a $1,000,000 "good-faith" deposit which Forrester held in his trust account.  *Id*.

Forrester is an attorney based in Texas.  Complaint ¶ 6.  Negotiations broke down and Newington demanded that Forrester return the $1,000,000 deposit.  August 16, 2011 Order at 3.  Forrester returned only $800,000 of the deposit.  *Id.*

Newington sued Forrester and five other defendants seeking to recover the remaining $200,000.  *See generally* Complaint.  One of these defendants is Renaissance Capital Investment Management Limited ("Renaissance").  *Id*. ¶ 10.  Renaissance is a fund manager which maintained an account for Falkenberg Group S.A. ("Falkenberg"), one of the other defendants in this case.  *Id*. ¶¶ 11, 19.

On September 26, 2011, Renaissance filed a motion under Federal Rule of Civil Procedure 12(b)(2) to dismiss Newington's claims against it for lack of personal jurisdiction.  Defendant Renaissance Capital Investment Management Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support ("Motion") at 1 (docket entry 123).

## II. ANALYSIS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. *Legal Standard*

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.  *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592

(5th Cir. 1999).  In making its determination, the court may consider affidavits,

interrogatories, depositions, oral testimony, or any combination of recognized

discovery methods.  *Allred v. Moore & Peterson*, 117 F.3d 278, 281(5th Cir. 1997), *cert.

denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162,

1165 (5th Cir. 1985).  The court will take the allegations of the complaint as true,

except where they are controverted by opposing affidavits, and all conflicts in the

facts are resolved in favor of the plaintiff.  *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d

at 592.

A federal district court may exercise personal jurisdiction over a nonresident

defendant if (1) the long-arm statute of the forum state permits the exercise of

personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by

the forum state is consistent with due process under the United States Constitution.

*Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).  Because the Texas long-arm

statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc.

v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*,

531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d

870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need

only concern itself with the federal due process inquiry.  *Latshaw v. Johnston*, 167 F.3d

208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n.1; *see also* TEX. CIV. PRAC. & REM.

CODE ANN. § 17.041 *et seq.* (Vernon 1997) (Texas long-arm statute).

- 3 -

To satisfy due process, (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

To establish minimum contacts with the forum, a nonresident defendant must do some act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992). "[T]he constitutional touchstone remains whether the defendant purposefully

established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474

(quoting *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945)).  The

"purposeful availment" requirement "ensures that a defendant will not be haled into a

jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or

of the 'unilateral activity of another party or a third person.'" *Id*. at 475 (citations

omitted).  A plaintiff must establish a substantial connection between the nonresident

defendant and the forum state.  *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d

1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft

Corporation*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475

n.18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

The minimum contacts requirement is satisfied by either (1) contacts that give

rise to general personal jurisdiction or (2) contacts that give rise to specific personal

jurisdiction.  *Wilson*, 20 F.3d at 647.  General jurisdiction exists when the

nonresident's contacts with the forum state are unrelated to the cause of action but

are "continuous and systematic."  *Id*.

In contrast, specific jurisdiction exists if the cause of action is related to, or

arises from, the defendant's contacts with the forum state.  *Id*.  A single act can be

sufficient to establish personal jurisdiction over a nonresident defendant.  See *Lewis v.

Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001).  However, when relying on a single

instance of contact, the plaintiff's cause of action must "result[] from alleged injuries

that arise out of or relate to" that instance of contact. *Central Freight Lines Inc. v. APA Transport Corporation*, 322 F.3d 376, 380 (5th Cir. 2003) (citing *Burger King*, 471 U.S. at 472).

If the minimum contacts test is met, the court must also decide whether the exercise of personal jurisdiction "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476. In making this determination, the Supreme Court has set forth a number of factors that courts must use in making this determination

> A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.

*Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987) (internal quotations omitted).

2. *Application*

a.  General Jurisdiction

First, it is clear that Renaissance does not have sufficient contacts with Texas to support general jurisdiction. Renaissance is a British Virgin Islands corporation and operates primarily in Russia and other CIS states. Affidavit of James Keyes in Support of Defendant Renaissance Capital Investment Management Ltd.'s Motion to Dismiss ("Keyes Affidavit") ¶¶ 3-4 (docket entry 123). Renaissance has never

maintained a place of business in Texas, been licensed or otherwise authorized to do business in Texas, or had any employees in Texas. *Id.* ¶¶ 6-8. Furthermore, Renaissance does not serve any Texas companies; it does not manufacture goods, distribute products, or provide services to any consumers in Texas; and it does not pay franchise taxes or any other taxes to the State of Texas. *Id.* ¶¶ 5, 9-10.

b.  Specific Jurisdiction

Moreover, Newington has not demonstrated that Renaissance is subject to specific personal jurisdiction in Texas for this case. Newington argues that the two e-mails cited in its response appendix establish specific jurisdiction in this case. Plaintiff's Appendix to Response to Defendant Renaissance Capital Investment Management Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction, Brief in Support and Request for Additional time to Conduct Jurisdictional Discovery ("Response Appendix") at 5-8 (docket entry 125). In these e-mails, Renaissance contacted Forrester. *Id.* However, these e-mails cannot constitute minimum contacts between Renaissance and Texas because Newington's claims do not arise out of or are unrelated to these e-mails.

The first e-mail was sent by Neil Fowler ("Fowler") at Renaissance to Forrester on May 19, 2008. *Id.* at 7-8. This e-mail contains only Fowler's telephone number. *Id.* at 7. There is no reference to any party or any transaction. *Id.* Nothing in this e-mail suggests that Fowler is aware that Forrester is in Texas. *Id.* Newington's cause

of action does not arise out of or relate to this phone number e-mail.  Newington was

not a recipient of this e-mail and is not mentioned in it.  *Id.*

The second e-mail was sent by Andrey Kukushkin at Renaissance to a number

of people on May 27, 2008.  *Id*. at 5-6.  The contents of this e-mail appear to deal

with the transactions at issue in this case, and Forrester is shown as a "cc" recipient of

it.  *Id*.  However, Renaissance does not "purposefully direct" its activities at Texas

merely by sending a copy of an e-mail to a Texas attorney who represents a client

involved in the transaction referred to in the e-mail.  Moreover, Newington's cause of

action clearly did not arise out of this e-mail, because the e-mail was sent seven days

after Newington filed its complaint in this court.  See *id*.

### c.  Fair Play and Substantial Justice

Because no minimum contacts between Renaissance and Texas have been

shown, the court does not need to consider whether an exercise of personal

jurisdiction over Renaissance would comport with fair play and substantial justice.

### B.  Jurisdictional Discovery

In its response, Newington asks the court for additional time to conduct

discovery related to the jurisdictional issues in this case.  Plaintiff's Response to

Defendant Renaissance Capital Investment Management Ltd.'s Motion to Dismiss

for Lack of Personal Jurisdiction, Brief in Support and Request for Additional Time to

Conduct Jurisdictional Discovery ("Response") at 14 (docket entry 124).  For the

court to grant jurisdictional discovery, a plaintiff must make a preliminary showing of jurisdiction. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The plaintiff must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts. *HEI Resources, Inc. v. Venture Research Institute*, No. 3:09-CV-0403-M, 2009 WL 2634858, at *7 (N.D. Tex. Aug 26, 2009) (Lynn. J.) (citing *Fielding*, 415 F.3d at 429). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)  The decision to allow jurisdictional discovery is within the discretion of the district court. *Fielding*, 415 F.3d at 429.

In this case, Newington has failed to make a preliminary showing of jurisdiction.  As a result, jurisdictional discovery is inappropriate.  See *HEI Resources*, 2009 WL 2634858 at *7.

### III.  CONCLUSION

For the reasons stated above, Renaissance's motion to dismiss for lack of personal jurisdiction over it is **GRANTED**.

**SO ORDERED**.

February 17, 2012.

A. JOE FISH
**Senior United States District Judge**

- 9 -